UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Syncere Rivera, #318979, *a/k/a Kenneth Rivera,*<br><br>       Plaintiff,<br><br>vs.<br><br>Agency Director William R. Byars, Jr.;<br>Warden Robert Stevenson, III;<br>Inmate Grievance Branch Chief, Ann Hallman;<br>Inmate Grievance Coordinator, Tamika Montgomery;<br>and Ms. G. Robinson, IGC designee,<br><br>       Defendants. | ) C/A No.: 8:12-3214-JMC-JDA<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>) |

_____

  Plaintiff Kenneth Syncere Rivera, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff was incarcerated in the Broad River Correctional Institution ("BRCI"), a facility run by the South Carolina Department of Corrections ("SCDC"), and filed this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge

  Plaintiff files this action alleging that "since [his] incarceration at BRCI some of [his] grievances were returned to be (sic) unprocessed for all sorts of reasons, but they were always denied." Plaintiff alleges that when he asked why "IGC [inmate grievance coordinator] is not processing [his] complaints," he was told "short of staff." Plaintiff seeks compensatory and punitive damages, asks the court to order the defendants to investigate his complaints, stop denying his complaints, and to follow the grievance procedure.

  Specifically, plaintiff alleges his grievances are returned in an untimely manner,

and/or are returned because SCDC claims they are duplicates, or because the allegations raised do not effect him. Further, plaintiff alleges that a shortage of staff is not a justification for the failure to process his grievances. He also claims the procedures that are set out by SCDC are not followed by them.

Plaintiff also filed a Motion to Amend his Complaint (ECF No. 15) which was granted on March 21, 2013 (ECF No. 22). In Plaintiff's Amended Complaint (ECF No. 23), filed on March 21, 2013, Plaintiff names Defendant Robinson as an additional party to this action. He alleges Defendant Robinson was given a staff request inquiring why she was not picking up grievances on a daily basis, per policy. Plaintiff alleges he has not received a response to the staff request. As a result, he filed a grievance against Defendant Robinson because he alleges it is her "job to pick up Saluda's unit grievances on a daily basis, with the exception of weekends and holidays." Plaintiff also alleges he has not received a response pertaining to the grievance filled against Defendant Robinson. In the Amended Complaint, he asks the Court to award him compensatory and punitive damages, and to direct Defendant Robinson to pick up grievances on a daily basis.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff's complaint appears to claim that his due process rights have been violated based on the alleged failure of SCDC to follow the prison's grievance process. Such a

claim, however, is without legal merit. There is no constitutional right to a grievance procedure, *Jones v. N.C. Prisoners' Labor Union, Inc.*, 433 U.S. 119, 137–38 (1977), and even if the prison provides for a grievance procedure, violations of those procedures do not amount to a civil rights cause of action, *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *see also Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) (holding prison official's failure to comply with state's grievance procedure is not actionable under § 1983). Thus, any due process claim premised on the failure of SCDC to follow their own grievance procedure is without legal support.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*, supra; *Neitzke v. Williams*, supra; *Haines v. Kerner*, supra; *Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

s/Jacquelyn D. Austin  
United States Magistrate Judge

March 22, 2013  
Greenville, South Carolina

***The plaintiff's attention is directed to the important notice on the next page.***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Room 239
> 300 East Washington St.
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).