# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kenneth Syncere Rivera, a/k/a Kenneth Rivera, | ) ) ) |
| Plaintiff, | ) Civil Action No. 8:12-cv-03214-JMC ) ) |
| v. | ) ) **OPINION AND ORDER** |
| William R. Byars, Jr., Agency Director; Robert Stevenson, III, Warden; Ann Hallman, Inmate Grievance Branch Chief; Tamika Montgomery, Inmate Grievance Coordinator; Ms. G. Robinson, IGC Designee, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This matter is now before the court upon the magistrate judge's Report and Recommendation ("Report") (ECF No. 31), filed March 22, 2013, recommending the court dismiss *pro se* Plaintiff Kenneth Syncere Rivera's ("Plaintiff") § 1983 claim against Defendants William R. Byars, Jr., Robert Stevenson, III, Ann Hallman, Tamika Montgomery, and Ms. G. Robinson (collectively referred to as "Defendants") challenging Defendants' alleged failure to timely and properly process Plaintiff's grievances. Plaintiff has filed his complaint pursuant to the *in forma pauperis* statute 28 U.S.C. § 1915. For the reasons stated herein, the court **ACCEPTS** the magistrate judge's Report and **DISMISSES** Plaintiff's complaint with prejudice and without issuance and service of process.

## FACTUAL AND PROCEDURAL BACKGROUND

The court concludes upon its own careful review of the record that the factual and procedural summation in the magistrate judge's Report is accurate, and the court adopts this

1

summary as its own. However, a brief recitation of the factual and procedural background in this case is warranted.

At the time of Plaintiff's initial filings in the instant case, he was incarcerated in the Broad River Correctional Institution ("BRCI"), a facility managed by the South Carolina Department of Corrections ("SCDC"). (ECF No. 1 at 3). Plaintiff filed this action on November 9, 2012 (ECF No. 1), alleging that Defendants violated his First Amendment rights to petition for the redress of grievances and his Fourteenth Amendment procedural due process rights by denying his complaints, not processing his complaints, and not following the SCDC grievance policy. *Id.* at 10. Plaintiff filed an Amended Complaint (ECF No. 23) in which he named Defendant Robinson as an additional party and stated similar allegations against her. *Id.* Plaintiff requests that the court issue an injunction requiring Defendants to process his grievances according to SCDC policy and that the court order compensatory and punitive damages. (ECF No. 1 at 10; ECF No. 23 at 4).

The magistrate judge issued the Report on March 22, 2013, recommending that the court dismiss Plaintiff's complaint as meritless. (ECF No. 31 at 4). The magistrate judge found that prisoners have no constitutional right to a grievance procedure and therefore concluded that violations of grievance procedures do not constitute a claim. *Id.* at 4. On April 5, 2013, Plaintiff filed Objections to the Report ("Objections") (ECF No. 34) arguing that prisoners have a constitutional right to access the courts which includes the right to file grievances. *Id.* at 3.

**STANDARD OF REVIEW**

The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive

weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber,* 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce,* 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). In the absence of specific objections to the magistrate judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983).

**DISCUSSION**

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett,* 174 F.3d 1128, 1133 (10th Cir. 1999).

The Fourth Circuit has clearly held "there is no constitutional right to participate in grievance proceedings" or to have "access to any such procedure voluntarily established by a state." *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994). Plaintiff cites case law in dispute of this conclusion. Plaintiff first cites *Toolasprashad v. Bureau of Prisons,* 286 F.3d 576 (D.C. Cir. 2002), which explains that a prisoner's right to petition the government includes both court filings and "various preliminary filings necessary to exhaust administrative remedies prior to seeking judicial review." *Id.* at 584. The decision further states that prisoners may not be retaliated against for exercising these rights. *Id.* at 585. Plaintiff also cites *Hendrick v.*

*Coughlin,* 114 F.3d 390 (2d Cir. 1997), which reiterates that prison officials may not retaliate against prisoners who exercise their constitutional right to access the courts. *Id.* at 395.

The court finds that the cases Plaintiff cites address a prisoner's right to access the courts, which is distinct from a claim to participate in grievance procedures. *See Taylor v. Lang,* 483 F. App'x 855, 858 (4th Cir. 2012) (reflecting a difference between a claim regarding participation in the prison grievance process and one concerning access to courts). To the extent that Plaintiff argues his right to access the courts has been denied, he has failed to plead sufficient facts to state a claim. *Cochran v. Morris,* 73 F.3d 1310, 1317 (4th Cir. 1996) (noting that to plead a right of access to courts claim, "[s]pecificity is necessary so that prison officials are not required to file unnecessary responses to speculative allegations."). The prisoner must show an actual, non-trivial injury resulting from the prison official's alleged misconduct. *Id.* Plaintiff does not claim that he has been deprived of his ability to bring a nonfrivolous, legal claim to the courts as is required for an access to courts claim. *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *see also Akers v. Watts,* 740 F. Supp. 2d 83, 96 (D.D.C. 2010) (stating that for an access to courts claim, a prisoner "must allege actual injuries as a result of the denial by claiming that an actionable claim was rejected, lost, or prevented from being filed.").

Because Plaintiff has no right to participate in a grievance procedure and he has not sufficiently pled an access to courts claim, the court dismisses Plaintiff's complaint.

## CONCLUSION

Based on the aforementioned reasons and after a thorough review of the Report and the record in this case, the court **ACCEPTS** the magistrate judge's Report and Recommendation (ECF No. 31). Plaintiff's complaint is therefore **DISMISSED** with prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 24, 2013
Greenville, South Carolina